Filed 2/29/16  P. v. Coulter CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C080187 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF110469) |
| v. | |
| ROBERT VERNON COULTER, | |
| Defendant and Appellant. | |

On January 23, 2009, defendant Robert Vernon Coulter wrote a personal check made payable to the victim for rent in the amount of $4,349.22.  On February 2, 2009, the check was returned to the victim by his bank for insufficient funds.  On February 23, 2009, the victim made a report to the district attorney's check enforcement program. After attempts to locate defendant proved unsuccessful, a complaint filed September 7, 2011, charged defendant with making or uttering a check with insufficient funds with intent to defraud.  (Pen. Code, § 476a, subd. (a).)  An arrest warrant was issued on September 8, 2011, and defendant was arraigned on the complaint on September 28, 2011.

1

On September 19, 2012, defendant pled no contest to the charge in exchange for no state prison at the outset and a grant of probation. On October 15, 2012, the court suspended imposition of sentence and granted probation for a term of four years subject to certain terms and conditions including that he report monthly as directed to his probation officer and report a change in his address within five days.

When defendant met with his probation officer on October 29, 2012, he was directed to report by the 15th of each month. Defendant failed to report in March 2015. On March 25, 2015, the probation officer learned that defendant was no longer living at his last reported address and that he had moved out several weeks prior. Defendant failed to report his whereabouts within five days and his whereabouts were unknown to the probation officer.

A petition for probation revocation filed April 6, 2015, alleged that defendant failed to report as directed and failed to report a change in his whereabouts within five days. On May 11, 2015, defendant admitted both allegations.

On June 22, 2015, the court declined to reinstate probation. The court found that defendant was not eligible for local prison due to a prior serious felony conviction. The court sentenced defendant to state prison for the upper term of three years.

Defendant appeals. The trial court granted defendant's request for a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We note errors in preparation of the abstract of judgment. When defendant was originally granted probation, the court imposed a $240 restitution fine. When defendant

2

was sentenced to prison, the court noted the same. The abstract fails to reflect the $240 restitution fine. Also, when granted probation, the court ordered defendant to pay interest on victim restitution from the date the check was written, or January 23, 2009. When sentenced to prison, the court misspoke and ordered that the interest started on July 15, 2012. The abstract incorrectly reflects that interest started on October 15, 1012. We will order the abstract corrected accordingly. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment to reflect a $240 restitution fine and that interest on victim restitution accrued as of January 23, 2009, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Murray, J.

/s/
Duarte, J.

3